UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Coleman

    v.                                                  Civil No. 13-cv-299-LM
                                                         Opinion No. 2014 DNH 124

Town of Lee et al.[1]

**O R D E R**

Richard Coleman has filed a motion to amend his complaint (doc. no. 18), which also serves as the proposed amended complaint in this case. The filing is in response to this court's January 16, 2014, order (doc. no. 11) directing Coleman to assert a plausible claim for relief in this matter, in order to avoid dismissal of this action.

**Discussion**

I.   False Arrest and False Imprisonment

Coleman asserts that his Fourth Amendment right not to be arrested without probable cause was violated when Lee Police Officer Annie Cole arrested and detained Coleman pursuant to a warrant Cole had obtained based on false information and without probable cause. Coleman asserts that to obtain the warrant from

---

[1] Defendants in this case are the Town of Lee; the Lee Police Department ("LPD"); the Lee Board of Selectmen; the Lee selectmen individually; LPD Chief Chester Murch; and LPD Officer Annie Cole.

a neutral magistrate, Cole manufactured inculpatory evidence, including the existence of a video of Coleman, and failed to include exculpatory evidence in the warrant application, including information about what could be seen from the complaining witness Cormier's window, and information about Cormier's antipathy towards Coleman.

"[A] plaintiff may bring a suit under § 1983 . . . [for a Fourth Amendment malicious prosecution claim] if he can establish that: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (citation omitted).  Further, a "plaintiff must demonstrate that law enforcement officers made statements in the warrant affidavit which amounted to 'deliberate falsehood or . . . reckless disregard for the truth,' and that those deliberate falsehoods were necessary to the magistrate's probable cause determination." Id. at 102 (citation omitted) (emphasis in original).

In general, "[a]n arrest is lawful if the police officer has 'probable cause.'" Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted).

> A police officer has probable cause when, at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

Id. (internal quotation marks and citations omitted).

Here, even if every allegedly false statement was excluded from the warrant affidavit, the magistrate could have found probable cause based only on Cole's statement in the affidavit concerning what Cormier had reported to the police – that she had witnessed Coleman exposing his genitals in their common backyard. See id. at 505 ("'information furnished by a victim is generally considered sufficiently reliable to support a finding of probable cause'" (citation omitted)).  Further, Coleman does not allege that Cole knowingly excluded exculpatory information from the warrant application, regarding what could be seen from Cormier's window, as Coleman alleges that Cole did not look through Cormier's window.  Once probable cause was established by Cormier's accusation, Cole had no duty to investigate whether any exculpatory evidence existed, prior to obtaining an arrest warrant.  See id. ("'once a law enforcement officer unearths sufficient facts to establish probable cause, he has no constitutional duty either to explore the possibility

that exculpatory evidence may exist or to conduct any further investigation in hope of finding such evidence'" (citation omitted)).  Similarly, Cole's knowledge of Coleman's antagonistic relationship with Cormier was insufficient to require Cole to conclude that Cormier was lying.  See id. at 506 (accusations and recriminations based on immediate circumstances or parties' long-term relationship alone do not require officer to doubt veracity of victim's statement).

    Coleman has thus failed to assert facts to allow the court to find, or reasonably infer, that the warrant for his arrest would not have been issued if it failed to include the allegedly false statements Coleman describes, or if it had included information he describes as "exculpatory."  Because his arrest was properly based on probable cause, Coleman cannot assert a Fourth Amendment claim based on an alleged false arrest or false imprisonment.

II.  Claims Not Addressed in the Amended Complaint

    In the order issued January 16, 2014 (doc. no. 11), the court found that Coleman had failed to state any plausible claims of an equal protection violation, false arrest, malicious prosecution, or defamation, and had failed to state any

plausible basis for the court to find the municipality or any supervisory Lee Police Department employee liable on any claim. The amended complaint (doc. no. 18) does not provide any grounds for the court to reconsider those findings and rulings.

## Conclusion

Coleman has failed to state any claim in this action upon which relief might be granted. The motion to amend (doc. no. 18) is denied as futile, and the complaint is dismissed. The clerk is directed to enter judgment and close the case.

SO ORDERED.

                    Landya McCafferty
                    United States District Judge

June 3, 2014

cc: Richard Coleman, pro se

LM:jba